E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
MICHAEL J. MORSE (Cal. Bar No. 291763)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4443/8452/7367
     Facsimile: (213) 894-0141
     E-mail:    lindsey.dotson@usdoj.gov
                thomas.rybarczyk@usdoj.gov
                michael.morse@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-00485-DSF-1 |
| Plaintiff, | GOVERNMENT'S MOTION FOR ORDER REQUIRING PRODUCTION OF DEFENDANT'S WITNESS LIST |
| v. | |
| MARK RIDLEY-THOMAS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Lindsey Greer Dotson, Thomas F. Rybarczyk, and Michael J. Morse, hereby files the Government's Motion for Order Requiring Production of Defendant's Witness List.

///

///

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 18, 2023

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*/s/ Thomas F. Rybarczyk*
LINDSEY GREER DOTSON
THOMAS F. RYBARCZYK
MICHAEL J. MORSE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

After the government presented its case-in-chief and rested on March 17, 2023, it requested that defendant MARK RIDLEY-THOMAS ("defendant") provide the government its witness list.  Defendant declined.  When the government requested an order requiring defendant to do so, this Court asked for legal support to impose such an order.  There is legal authority permitting the imposition of such an order, as well as practical reasons to do so, namely, in promoting judicial efficiency and reducing the unnecessary expenditure of this Court and the jury's time.  Just as important, defendant will suffer no prejudice in providing such a list because the government has concluded its case-in-chief.  For these reasons, the government requests that defendant produce his witness list by Monday, March 20, 2023, at 10:00 a.m.

**First**, the Federal Rules of Criminal Procedure grant district courts the authority to order disclosure of defense witness lists during trial.  Federal Rules of Criminal Procedure 2 and 16(d)(1) permits this Court to order disclosures that are not specifically mentioned in the Rules of Criminal Procedure.  See United States v. W.R. Grace, 526 F.3d 499, 508-11 (9th Cir. 2008) (relying on Rules 2 and 16 to uphold district court decision requiring the government to disclose its witness list prior to the start of trial).  While the W.R. Grace court indicated it did not "decide whether or to what extent the defense can be compelled to disclose a list of its witnesses before trial," id. at 509 n. 7 (emphasis added), there is no sound legal or practical basis not to order a defendant to produce his witness list now -- at the start of his defense case during trial.  Further supporting this Court's authority to order the

production of defendant's witness list is Federal Rule of Criminal Procedure 57(b), which provides, in relevant part, that "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Pursuant to this rule, "[c]ourts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties." United States v. Ray, 375 F.3d 980, 993 (9th Cir. 2004) (quoting In re Peterson, 253 U.S. 300, 312 (1920)). There is no rule or law preventing the Court from ordering the defendant to disclose his witness list here. Indeed, it is well within this Court's discretion to do so. This Court has used this discretion to impose a rule in its standing order that defendant must disclose his witness list to the Court by, at the very latest, the start of the defense case, which has begun now that the government rested its case and defendant requested additional time to present its first witness. There is no legal reason preventing the Court from ordering defendant to disclose that same list to the government now.

**Second**, practical reasons exist for requiring defendant to produce his witness list now that the government has rested its case-in-chief. If defendant discloses his witness list now, it will allow the parties to flush out any legal issues in advance of testimony, including allowing the parties to brief the scope of a witness's testimony so that the Court has adequate time to review the papers. The current plan would mean that the government would have less than 24 hours to review defendant's proposed witnesses for the next day, which may necessitate the government filing a motion late that same day. This Court then will have little time to review the

government's motion. By requiring the defendant to produce his witness list by Monday, March 20, these issues can be properly presented to the Court and not hashed out at lengthy sidebars, which will only result in the unnecessary expenditure of more of this Court and the jury's time. No witness illustrates this problem more than Sebastian Ridley-Thomas's doctor. The government inquired on March 13, 2023, if defendant intended to call a medical professional and if so, what the nature and scope of that person's testimony would be. Defendant has not responded. It is well-settled that medical professionals must be qualified as an expert when testifying to any opinion formed outside their course of treatment for the patient at issue. See Goodman v. Staples The Off. Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011). Under the current plan, the government has no idea if defendant even intends to call such a witness. Waiting to the last-minute to brief this issue puts the government and the Court at a disadvantage. Such gamesmanship is unnecessary, particularly where the government has rested.

**Third**, there is no prejudice to defendant by requiring him to produce his witness list at this point. The government has rested its case, and defendant has made his opening statement. There are no concerns with revealing "defense strategy." It is pure gamesmanship, especially where defendant has represented that he plans to present a week-long case. Such gamesmanship should not be rewarded, especially when it comes at the sacrifice of the unnecessary expenditure of this Court and the jury's time.

For all these reasons, the government respectfully requests that the defendant produce his witness list by Monday, March 20, 2023, at 10 a.m.