E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
MICHAEL J. MORSE (Cal. Bar No. 291763)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4443/8452/7367
    Facsimile: (213) 894-0141
    E-mail:   lindsey.dotson@usdoj.gov
               thomas.rybarczyk@usdoj.gov
               michael.morse@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MARK RIDLEY-THOMAS,<br><br>        Defendant. | No. CR 21-00485-DSF-1<br><br>DECLARATION OF ASSISTANT UNITED STATES ATTORNEY LINDSEY GREER DOTSON AND EXHIBITS FILED IN SUPPORT OF THE GOVERNMENT'S RESPONSE TO DEFENDANT MARK RIDLEY-THOMAS'S SENTENCING POSITION |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Lindsey Greer Dotson, Thomas F. Rybarczyk, and Michael J. Morse, hereby files the

///

///

///

Declaration of Assistant United States Attorney Lindsey Greer Dotson and Exhibits Filed in Support of the Government's Response to Defendant Mark Ridley-Thomas's Sentencing Position.

Dated: August 14, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

   */s/ Lindsey Greer Dotson*
LINDSEY GREER DOTSON
THOMAS F. RYBARCZYK
MICHAEL J. MORSE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF LINDSEY GREER DOTSON**

I, LINDSEY GREER DOTSON, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. Attached hereto as Exhibits A and B are true and accurate printouts of United States Sentencing Commission, Judiciary Sentencing Information (JSIN), <u>available at</u> https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last visited August 9, 2023).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration is executed at Los Angeles, California, on August 14, 2023.

_____
LINDSEY GREER DOTSON

# EXHIBIT A

**FEDERAL DEFENDANTS IN SELECTED CELL**
During the last five fiscal years (FY2018-2022), there were 9 defendants whose primary guideline was §2C1.1, with a Final Offense Level of 30 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 9 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 42 month(s) and the median length of imprisonment imposed was 42 month(s). For all 9 defendants in the cell, the average sentence imposed was 42 month(s) and the median sentence imposed was 42 month(s).

The sentencing data provided does not reflect the Commission's recommendation regarding the appropriate sentence to be imposed or represent the Commission's official position on any issue or case. Nor does the information provided reflect the Commission's position regarding the weight to be given, if any, to the above sentencing information in a court's determination of the appropriate sentence to be imposed.

If the court does consider the above sentencing information as part of its consideration of the factors in 18 U.S.C. § 3553(a) in imposing sentence, it should do so only after considering the properly calculated guideline range and any applicable departures provided for in the Guidelines Manual.

**Sentence Imposed Relative to the Guideline Range for Defendants in Selected Cell**
Fiscal Year 2018-2022



**Note:** The figure includes the 11 defendants reported to the Commission whose primary guideline was §2C1.1, with a Final Offense Level of 30 and a Criminal History Category of I, including defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure. Defendants who received a §5K1.1 substantial assistance departure are included in this analysis but are excluded from other analyses below. As such, the number of defendants included in this analysis may exceed the number of defendants in other analyses. Total percentages displayed in the figure may not sum to 100% due to rounding.

**Sentence Type for Defendants in Selected Cell (after excluding §5K1.1)**
Fiscal Year 2018-2022



**Note:** The figure includes the 9 defendants reported to the Commission whose primary guideline was §2C1.1, with a Final Offense Level of 30 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure. Total percentages displayed in the figure may not sum to 100% due to rounding.

The *Defendants Receiving Imprisonment* category includes defendants sentenced to a term of imprisonment (in whole or in part) and who received a commitment to the Bureau of Prisons. This category includes (1) defendants sentenced to a term of imprisonment only, with no additional conditions of community confinement, home detention or intermittent confinement (Prison Only) and (2) defendants sentenced to imprisonment and conditions of alternative confinement as defined in USSG §5C1.1 (Prison and Alternatives). This category includes, but is not limited to, Zone A, Zone B, or Zone C cases receiving prison with additional conditions of a term of community confinement, home detention, or intermittent confinement.

The *Defendants Receiving Probation* category includes defendants sentenced to a term of probation with or without a condition of community confinement, intermittent confinement, or home detention (Probation Only and Probation and Alternatives). This category also includes defendants who received no prison, no probation, and no time of alternative confinement as defined in USSG §5C1.1, but instead who received a fine and/or a special assessment (Fine Only).

**Average and Median Sentence Length and Length of Imprisonment for Defendants in Selected Cell Who Received a Sentence of Imprisonment (excluding §5K1.1)**
Fiscal Year 2018-2022



**Note:** The figure includes the 9 defendants reported to the Commission whose primary guideline was §2C1.1, with a Final Offense Level of 30 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure.

*Average and Median Length of Imprisonment* reports the average and median term of imprisonment imposed in months for the 9 cases in which a term of imprisonment was imposed in whole or in part. Probation sentences are excluded. Any portion of a sentence that is an alternative confinement as described in USSG §5C1.1 is also excluded.

*Average and Median Sentence Length* reports the average and median term of imprisonment imposed in months for all 9 cases. Probation sentences are included as zero months. Any portion of a sentence that is an alternative confinement as described in USSG §5C1.1 is also included.

Cases in which a sentence is imposed, but where the length is indeterminable, are excluded. When sentences are expressed as "time served" on the J&C, Commission staff uses the dates in federal custody to determine the length of time served when an defendant has been in custody the entire time. If the defendant has been in and out of custody, or the start date is unclear/missing, then the Commission assigns a value of one day as a minimal time served amount for these cases. In cases where the court imposes a sentence of life imprisonment, sentences are reported as 470 months, a length consistent with the average life expectancy of federal criminal defendants given the average age of federal defendants. Sentences of greater than 470 months are also reported as 470 months.

# EXHIBIT B

**FEDERAL DEFENDANTS IN SELECTED CELL**
During the last five fiscal years (FY2018-2022), there were 12 defendants whose primary guideline was §2C1.1, with a Final Offense Level of 28 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 12 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 68 month(s) and the median length of imprisonment imposed was 68 month(s).

The sentencing data provided does not reflect the Commission's recommendation regarding the appropriate sentence to be imposed or represent the Commission's official position on any issue or case. Nor does the information provided reflect the Commission's position regarding the weight to be given, if any, to the above sentencing information in a court's determination of the appropriate sentence to be imposed.

If the court does consider the above sentencing information as part of its consideration of the factors in 18 U.S.C. § 3553(a) in imposing sentence, it should do so only after considering the properly calculated guideline range and any applicable departures provided for in the Guidelines Manual.

**Sentence Imposed Relative to the Guideline Range for Defendants in Selected Cell**
Fiscal Year 2018-2022



**Note:** The figure includes the 14 defendants reported to the Commission whose primary guideline was §2C1.1, with a Final Offense Level of 28 and a Criminal History Category of I, including defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure. Defendants who received a §5K1.1 substantial assistance departure are included in this analysis but are excluded from other analyses below. As such, the number of defendants included in this analysis may exceed the number of defendants in other analyses. Total percentages displayed in the figure may not sum to 100% due to rounding.

**Sentence Type for Defendants in Selected Cell (after excluding §5K1.1)**
Fiscal Year 2018-2022



**Note:** The figure includes the 12 defendants reported to the Commission whose primary guideline was §2C1.1, with a Final Offense Level of 28 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. Cases missing information necessary to complete the analysis were excluded from this figure. Total percentages displayed in the figure may not sum to 100% due to rounding.

The *Defendants Receiving Imprisonment* category includes defendants sentenced to a term of imprisonment (in whole or in part) and who received a commitment to the Bureau of Prisons. This category includes (1) defendants sentenced to a term of imprisonment only, with no additional conditions of community confinement, home detention or intermittent confinement (Prison Only) and (2) defendants sentenced to imprisonment and conditions of alternative confinement as defined in USSG §5C1.1 (Prison and Alternatives). This category includes, but is not limited to, Zone A, Zone B, or Zone C cases receiving prison with additional conditions of a term of community confinement, home detention, or intermittent confinement.

The *Defendants Receiving Probation* category includes defendants sentenced to a term of probation with or without a condition of community confinement, intermittent confinement, or home detention (Probation Only and Probation and Alternatives). This category also includes defendants who received no prison, no probation, and no time of alternative confinement as defined in USSG §5C1.1, but instead who received a fine and/or a special assessment (Fine Only).

**Average and Median Length of Imprisonment for Defendants in Selected Cell Who Received a Sentence of Imprisonment (excluding §5K1.1)**
Fiscal Year 2018-2022



**Note:** The figure includes the 12 defendants reported to the Commission (1) whose primary guideline was §2C1.1, with a Final Offense Level of 28 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure; and (2) the defendant received a sentence of imprisonment in whole or in part. Cases missing information necessary to complete the analysis were excluded from this figure.

*Average and Median Length of Imprisonment* reports the average and median term of imprisonment imposed in months for cases in which a term of imprisonment was imposed. Probation sentences are excluded. Any portion of a sentence that is an alternative confinement as described in USSG §5C1.1 is also excluded. Cases in which a sentence is imposed, but where the length is indeterminable, are excluded. When sentences are expressed as "time served" on the J&C, Commission staff uses the dates in federal custody to determine the length of time served when an defendant has been in custody the entire time. If the defendant has been in and out of custody, or the start date is unclear/missing, then the Commission assigns a value of one day as a minimal time served amount for these cases. In cases where the court imposes a sentence of life imprisonment, sentences are reported as 470 months, a length consistent with the average life expectancy of federal criminal defendants given the average age of federal defendants. Sentences of greater than 470 months are also reported as 470 months.